RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/23/15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PRAFUL PATEL,<br>    Petitioner | CIVIL ACTION<br>NO. 1:14-CV-00779 |
| VERSUS | |
| D.C. COLE, et al.,<br>    Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ so habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Praful Patel ("Patel") on April 9, 2014 (Doc. 1) and amended on May 12, 2014 (Doc. 5). Patel, a native and citizen of India, is contesting his continued detention since May 18, 2012, while awaiting removal by the Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security. Patel contends that, since ICE has not been able to obtain travel documents for him, there is no significant likelihood that he will be removed to India in the reasonably foreseeable future. For relief, Patel asks to be released from detention pending his removal from this country, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).[1] Patel is

---

[1] Although the INS has 90 days to remove an alien after he is ordered removed, 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that Section 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. Pursuant Zadvydas, detention for up to six months after the removal order becomes final is "presumptively reasonable." Zadvydas v. Davis,



currently being detained in the Etowah County Jail in Gadsden, Alabama.

Respondents filed a response to Patel's petition (Doc. 17). Patel's petition is now before the court for disposition.

1.

The facts of this case are set forth by Patel in his complaint (Doc. 5) and by the Respondents through an affidavit by Gerald Smith, the Assistant Field Office Director of the U.S. Immigration and Customs Enforcement facility at Gadsden, Alabama, with supporting documentation (Doc. 17, Ex.).

Patel arrived in the United States on July 23, 2002 (Docs. 5, 17-Ex.). Patel contends he was arrested by ICE in September 2008, charged with being in the United States illegally, was released on bond in December 2008, attended all court proceedings, received a final order of removal on August 23, 2009, and was given three

---

533 U.S. 678, 121 S.Ct. 2491 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").
    After six months, however, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." <u>Zadvydas</u>, 121 S.Ct. at 2505. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Zadvydas</u>, 121 S.Ct. at 2505.

2

months to leave the United States voluntarily (Docs. 5, 17-Ex.). Patel failed to depart the United States, and his removal order became administratively final (Doc. 17-Ex.). Patel claims fear of returning to India due to an ethnic cleansing which occurred in 2002 (between Hindus and Muslims), and contends he had been beaten by his own political party because he did not participate in the ethnic cleansing massacre (Doc. 5).

In November 2011, Patel was again arrested by ICE and processed as an ICE fugitive (Doc. 17-Ex.). On December 9, 2011, ICE requested a travel document for Patel to return to India (Doc. 17-Ex.).

On March 21, 2012, Patel was convicted of misdemeanor DUI, first degree, and placed on six months probation (Docs. 5, 17-Ex.). Patel was arrested by ICE on March 22, 2012, and was released on supervision on April 5, 2012 (Docs. 5, 1-Ex.). On April 18, 2012, Patel and his wife had a loud argument and his neighbor called the police; Patel was arrested for domestic violence, but on May 16, 2012 the charges were dropped[2] (Docs. 5, 17-Ex.). ICE arrested Patel again on June 20, 2012,[3] and he has been continuously in their custody since then (Doc. 5).

---

[2] Respondents contend Patel was charged with domestic battery, domestic battery by strangulation, and probation violation (Doc. 17-Ex.).

[3] Patel contends he was arrested on May 18, 2012, while Respondents contend he was arrested on June 20, 2012 (Docs. 5, 17-Ex.).

Patel contends that, on September 21, 2012, he appeared for a hearing on his motion to stay removal and for release on bond; bond was denied based on Patel's criminal history (Doc. 5). On November 26, 2012, Ice attempted to remove Patel, but he refused to get on the plane (Docs. 5, 17-Ex.).

On September 14, 2012, Patel received travel documents from the Consulate of India (Doc. 17-Ex.). On September 21, 2012, Patel filed an Application for Stay of Deportation or Removal (Doc. 17-Ex.) which was denied on November 2, 2012 (Doc. 17-Ex.). Patel contends that, on September 27, 2012, he reapplied for Stay of Removal and was again refused (Doc. 5). On November 27, 2012, Patel was transported to the airport for removal, but he refused to board the plane (Doc. 17-Ex.).

On May 22, 2013, Patel filed a motion to reconsider and requested a stay of removal, which were denied on May 28, 2013 (Doc. 17-Ex.). On June 14, 2013, Patel was given a post-order Custody Review and his detention was continued (Doc. 17-Ex.). On October 4, 2013, Patel filed another application for stay of removal which was denied on October 18, 2013 (Doc. 17-Ex.).

On December 23, 2013, ICE received another travel document for Patel from the Consulate General of India which was valid for thirty days (Doc. 17-Ex.).

On January 17, 2014, Patel filed an appeal of the motion to reconsider with the Board of Immigration Appeals, which was denied

on February 10, 2014 (Doc. 17-Ex.).

On January 21, 2014, Patel was driven to the airport, then driven back to the detention center (Doc. 5). Patel contends he was told that he was returned to the detention center because ICE did not have his travel document (Doc. 5).

Respondents contend that, since July 27, 2012, ICE has served several warnings for failure to depart on Patel, requesting that he provide ICE with any documentation that could expedite the issuance of a travel document to him, but Patel told them that he would not comply with the removal process or assist ICE in obtaining a travel document (Doc. 17-Ex.).

2.

Respondents contend that, had Patel complied, he would have been removed as early as November 266, 2012, but he refused to board the plane, and argue that Patel's removal will occur in the reasonably foreseeable future if he complies (Doc. 17). Respondents cite 8 U.S.C. § 1231(a)(1)(C):

> (C) Suspension of period
> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

Patel contends he was told in January 2014 that ICE did not have a travel document for him. Although Patel interprets that to mean ICE was having difficulty obtaining travel documents for him,

5

Respondents show they had obtained a travel document for him on December 23, 2013, so it appears likely that Patel missed his flight because his travel document was inadvertently left at the detention center that day.

In any event, Patel's continued detention is due in large part to his own failure to fully cooperate with ICE officials. Patel entered the United States illegally in 2002, refused to voluntarily leave in 2009, refused to board the plane in November 2012, and generally has not complied with ICE's efforts to remove him. Respondents show they have obtained travel documents for Patel twice and will be able to do so again. Therefore, Patel has not shown there is no significant likelihood of his removal in the reasonably foreseeable future and is not entitled to relief under <u>Zadvydas</u>. Patel's habeas petition should be denied and dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Patel's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental

objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _23rd_ day of January 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE